IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE J. BROWN, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DASHAWN BROOKS, et al. | : | NO.  23-2966 |

**<u>MEMORANDUM AND ORDER</u>**

ELIZABETH T. HEY, U.S.M.J.                                                               August 12, 2024

      As a result of the automobile accident that is the basis of this case, Ms. Brown claims that she suffered a traumatic brain injury and related cognitive impairments.  Doc. 14 ¶ 39.  Defendants scheduled a neuropsychological evaluation of Ms. Brown by Idit Trope, Ph.D., for August 20, 2024.  Doc. 59-4.  Plaintiff's counsel advised that a registered nurse would attend the evaluation, and Dr. Trope advised that she would permit a third-party to be present during the intake portion of the evaluation, but not during the neuropsychological testing portion due to "her concerns related to distraction, ethical obligations and protecting test validity."  Doc. 65 ¶ 8.  Ms. Brown has filed a motion for a protective order requesting that the court permit a registered nurse to attend the independent medical examination, relying on Pennsylvania Rule of Civil Procedure 4010.  Doc. 59-2 at 3.  Defendant responds that such protective orders are disfavored in Pennsylvania and good cause exists to prohibit the presence of a third party during the neuropsychological testing.  Doc. 65 at 7-10.

      Pennsylvania Rule of Civil Procedure 4010 allows the person to be examined to "have the right to have counsel or other representative present during the examination."

Pa. R. Civ. P. 4010(a)(4)(i).  However, Pennsylvania's civil rules also provide that "for good cause shown" the court "may make any order which justice requires . . . that discovery or deposition shall be conducted with no one present except persons designated by the court."  Id. R. 4012(a)(6).

In support of their argument that no third-party should be present during the neuropsychological testing, Defendants rely on the "Official Statement of the National Academy of Neuropsychology" on the presence of third-party observers during neuropsychological testing, Doc. 66-1, which states that the presence of such observers is inconsistent with the technical manuals governing the administration of specific psychological tests and may influence the reliability of the data.  Id. at 2.  Plaintiff states that "[t]he sole purpose of the presence [of the third-party] will be for the comfortability of this severely injured person as well as to act as an observer."  Doc. 59 ¶ 15.

In balancing similar interests in the realm of neuropsychological testing, Pennsylvania courts have adopted the middle ground suggested by Dr. Trope, allowing a third party to attend the interview portion, but not the testing portion of the evaluation.  See Shearer v. Hafer, 135 A.3d 637, at 644-45 (Pa. Super. 2016) (affirming trial court's decision allowing attorney to be present during preliminary interview phase, but not during the standardized testing), appeal quashed, 177 A.2d 850 (Pa. 2018)[1]; Marion v. Lukaitis, 32 Pa. D. & C. 5th 287, 2013 WL 10545387, at *5 (Lack. C.C.P. Aug. 15, 2013) (allowing representative to be present during review of records, history, and other

---

[1] The Pennsylvania Supreme Court found that the order granting the protective order was not an immediately appealable collateral order.

background information, but precluding such presence once standardized testing begins). The federal courts of our circuit have also recognized the need to exclude third parties from psychiatric and psychological evaluations.

> [T]he need for effective . . . examinations militates against allowing an observer who could potentially distract the examining [expert] and examine[e] thereby compromising the results of the examination.  Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry. . . . Additionally, it is recognized that . . . examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient. . . .  The Court finds that the presence of an observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard.

Smolko v. Unimark Lowboy Trans., LLC, 327 F.R.D. 59, 61-62 (M.D. Pa. 2018) (quoting Shirsat v. Mut. Pharm. Co., 169 F.R.D. 68, 71 (E.D. Pa. 1996)).

Plaintiff relies on Gensbauer v. May Department Stores Company, in which the federal court granted a protective order allowing the plaintiff to have his counsel present during an independent medical evaluation.  184 F.R.D. 552, 553 (E.D. Pa. 1999). Gensbauer is inapposite because it involved a physical examination.  In Gensbauer, the court acknowledged the line of cases cited above that precluded a third-party observer from neuropsychological testing and stated, "[t]hese cases, however, involved psychological rather than physical examinations, which may depend more on 'unimpeded one-on-one communication between doctor and patient.'"  Id. (quoting Neumerski v. Califano, 513 F. Supp. 1011, 1017 (E.D. Pa. 1981)).

3

I conclude that allowing a third-party to accompany Ms. Smith to the evaluation and to be present during the interview portion of the examination, but to prohibit the third-party's presence during the standardized testing portion of the evaluation, properly addresses the competing interests.

An appropriate Order follows.