IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE J. BROWN, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DASHAWN BROOKS, et al. | : | NO. 23-2966 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                           November 5, 2024

Plaintiffs have filed a motion to preclude the expert testimony of Lynda Kopishke, styled as a motion in limine, challenging Ms. Kopishke's qualification to render an expert opinion on the need for Plaintiffs' future treatment. Doc. 78. Defendants Mayflower Laundry & Linen ("Mayflower") and Mr. Brooks respond that Ms. Kopishke is qualified based on training and experience to render the relevant opinions. Doc. 82-2.[1] For the reasons that follow, the motion is denied.

### I.  FACTUAL BACKGROUND

Plaintiffs were injured in a motor vehicle accident on May 21, 2023, on I-95 in Philadelphia, when the vehicle in which they were traveling was hit from behind by the Mayflower truck driven by Mr. Brooks. Doc. 53 ¶¶ 19-20, 25. Based on the information in Ms. Kopishke's reports, Plaintiffs' life care planning experts offered opinions on the cost of future treatment based on evaluations conducted by Plaintiffs' medical and vocational consultants. See Doc. 78 at 10-18 (Tawanna Brown), 20-27 (Clarence J.

---

[1] Pinpoint citations to documents filed in this court will be to the court's ECF pagination.

Brown, Jr.), 29-37 (Juwan Brown).  Defendants retained Ms. Kopishke "to provide a rebuttal report in response to the reports of Plaintiffs' life care planning experts."  Doc. 82-2 at 2.  In her reports, Ms. Kopishke opines on the medical necessity of treatment that is recommended by Plaintiffs' medical and vocational consultants and included in the life care plan for each Plaintiff.  Doc. 78 at 13-18 (Tawanna Brown), 26-27 (Clarence J. Brown, Jr.), 35-37 (Juwan Brown).  Plaintiffs argue that Ms. Kopishke's opinions are "well beyond the scope of her expertise."  Doc. 78 at 1.  Defendants respond that Ms. Kopishke's specialized knowledge qualifies her to render the relevant opinions.  Doc. 82-2 at 3-4.

## II.     DISCUSSION

When a party offers an expert witness, the court functions as a "gatekeeper" to ensure that the expert's testimony complies with the applicable rules and caselaw.  In re Paoli R.R. Yard PBC Litig., ("Paoli II"), 35 F.3d 717, 732 (3d Cir. 1994).  Federal Rule of Evidence 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), governs the admissibility of expert testimony.  Fed. R. Evid. 702, advisory committee's note to 2000 Amendments.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and

>    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Plaintiffs focus on the qualification element of Rule 702, arguing that Ms. Kopishke, although she is a qualified nurse and life care planner, is not qualified to offer opinions related to the propriety of treatment recommendations because she is not a physician.  Doc. 78 at 6-7.  Defendants argue that Ms. Kopishke's credentials qualify her to state the opinions contained in her reports, including whether she agrees or disagrees with the future treatment recommendations of Plaintiffs' experts.  Doc. 82-2 at 3-4.

"Qualification refers to the requirement that the witness possess specialized expertise" on the subject.  Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003).  The Third Circuit has defined the qualification requirement "liberally," allowing "a broad range of knowledge, skills, and training [to] qualify as an expert."  Id. (quoting Paoli II, 35 F.3d at 741).  "This liberal policy of admissibility extends to the substantive as well as the formal qualifications of experts."  Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008) (citing Paoli II, 35 F.3d at 741).  "[P]ractical experience as well as academic training and credentials" may be the basis of an expert witness's qualification.  Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir. 1998) (quoting American Tech. Res. v. United States, 893 F.2d 651, 656 (3d Cir. 1990); Hammond v. Int'l Harvester Co., 691 F.2d 646, 653 (3d Cir. 1982)).  "[E]xclusion [is] not the proper remedy 'simply because the experts did not have the degree or training which the district court . . . thought would be most appropriate."  Paoli II, 35 F.3d at 741; see also Holbrook v. Lyles Bros. S.S. Co.,Inc., 80

F.3d 777, 782 (3d Cir. 1996) (court abuses its discretion if it "exclude[s] testimony simply because [it] does not deem the proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate"). The Third Circuit has acknowledged that its liberal approach to the qualification requirement results in arguments that "relate more to the weight to be given the expert's testimony than to its admissibility." Holbrook, 80 F.3d at 782.

Here, Plaintiffs' argument that Ms. Kopishke is not qualified to offer medical opinions because she is not a medical doctor, Doc. 78 at 6, suggests a bright-line rule that runs afoul of the Third Circuit's liberal construction of Rule 702. "A medical degree is not a prerequisite to qualification as an expert capable of testifying as to the cause of a person's injuries." Pa. Trust Co. v. Dorel Juvenile Group, Inc., 851 F. Supp.2d 831, 838 (E.D. Pa. 2011) (allowing biomechanical engineer to testify to cause of brain injury); see Lyngass v. IQVIA, Inc., Civ. No. 20-2370, 2023 WL 11920930, at *1 n.1 (E.D. Pa. Sept. 29, 2023) (rejecting challenge to qualifications of self-taught CEO of computer-based faxing company to testify as expert in fax communications); Otsuka Pharm. Co. v. Zenara Pharma Priv. Ltd., Civ. No. 19-1938, 2022 WL 4365744, at *1-2 (D. Del. Sept. 21, 2022) (allowing chemist with extensive experience teaching about antipsychotics and researching antipsychotic receptors to provide expert testimony on patents involving antipsychotic drugs); In re Tylenol (Acetaminophen) Mktg., Sales Pracs., and Prods. Liab. Litig., Civ. No. 12-7263, 2016 WL 4039286, at *5 (E.D. Pa. July 28, 2016)) (pharmacist with degree in epidemiology qualified as causation, regulatory, and pharmacovigilance expert); Wolfe v. McNeil-PPC, Inc., 881 F. Supp.2d 650, 659 (E.D.

4

Pa. 2012) (phamacologist and toxicologist qualified as expert as to whether drug caused certain medical conditions); Earls v. Sexton, Civ. No. 09-950, 2010 WL 2179627, at *1-2 (M.D. Pa. May 28, 2010) (allowing psychiatric nurse practitioner who treated the plaintiff to opine on psychological injuries suffered after an accident); Buzzerd v. Flagship Carwash of Port St. Lucie, Inc., 669 F. Supp.2d 514, 525 (M.D. Pa. 2009) (industrial hygienist qualified to opine on issues of causation in toxic tort case, opinion was excluded on other grounds); Owens v. Concrete Pipe & Prods. Co., 125 F.R.D. 113 (E.D. Pa. 1989) (allowing chemists to offer expert testimony on medical effects of toxic chemicals); see also Freed v. Geisinger Med. Ctr., 971 A.2d 1202, 1208 (Pa. 2009) (overturning precedent prohibiting "an otherwise competent and properly qualified nurse from giving expert opinion testimony in a court of law regarding medical causation").

Although Ms. Kopishke is not a medical doctor, she holds bachelor of science and master of science degrees in nursing, and a doctor of laws in health care policy.  Doc. 78 at 41.  She has worked as an interim care and direct care nurse, providing skilled nursing assessments for home health clients and acted as a manager supervising workers in a home health agency, worked as a rehabilitation specialist and nursing supervisor, and has been a nursing instructor for fifteen years.  Id. at 39-40.  In addition, she has worked as a consultant for attorneys and insurers, providing medical expertise including in the area of life care planning.  Id. at 39.  Although she may not be the most qualified to offer an opinion on the necessity of future treatments, procedures, and services, that is a matter of weight for the jury to determine.

An appropriate Order follows.