IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE J. BROWN, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DASHAWN BROOKS, et al. | : | NO. 23-2966 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                              November 22, 2024

Plaintiffs seek to preclude the testimony and report of defense expert Yvonne Dailey, who was retained "to coordinate an analysis of the billing and reimbursement dates for services provided to [Plaintiffs] due to" the motor vehicle accident at issue in this case. Doc. 77 at 11. Defendants contend that Ms. Dailey is a qualified expert whose testimony will assist the trier of fact. Doc. 106 at 5-6.

**I.    FACTS**

Plaintiffs allege injuries stemming from an accident on May 21, 2023, on I-95 in Philadelphia, when the vehicle in which they were traveling was hit from behind by the Mayflower truck driven by Mr. Brooks. Doc. 53 ¶¶ 19-20, 25. In her report, Ms. Dailey compared the amounts <u>charged</u> for Plaintiffs' medical care arising from the accident with the amounts permitted by the fee schedules under the New Jersey Personal Injury Protection ("NJ PIP") fee schedule and Pennsylvania's "Act 6" schedule.[1] She did not, however, include the amounts that were <u>paid</u> for the services.

---

[1] The New Jersey Automobile Insurance Code Reduction Act authorizes the use of the NJ PIP medical fee schedule to limit the amount healthcare providers can charge for treatment. See <u>Untied States ex rel. DiLello v. Hackensack Meridian Health</u>, Civ. No.

Plaintiffs challenge the reliability, relevance, and fit of Ms. Dailey's opinion, and argue that her testimony should be precluded under Federal Rule of Evidence 403.[2] Doc. 77. Plaintiffs argue that the charges reflected in Ms. Dailey's report "have already been reconciled with Plaintiffs' health insurers [and] will be presented to the jury in the form of liens which will be *sanitarily* presented in compliance with the collateral source rule. Id. at 5 (emphasis in original). Defendants respond that "Ms. Dailey's report applies 'sufficient facts or data' and 'reliable principles and methods' to the facts of the case" to allow its presentation and the jury can decide its credibility. Doc. 106 at 6.

## II.    DISCUSSION

When a party offers an expert witness, the court functions as a "gatekeeper" to ensure that the expert's testimony complies with the applicable rules and caselaw. In re Paoli R.R. Yard PBC Litig., 35 F.3d 717, 732 (3d Cir. 1994) ("Paoli II"). Federal Rule of Evidence 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), governs the admissibility of expert testimony. Fed. R. Evid. 702, advisory committee's note to 2000 Amendments.

---

20-2949, 2022 WL 1284734, at *5 & n.4 (D.N.J. Apr. 29, 2022) (citing N.J. Rev. S. § 39:6A-4.6) ("N.J.S.A. 39:6A-4.6 mandates that no-fault policies reimburse healthcare providers pursuant to medical fee schedules."). Plaintiffs reside in New Jersey.

In Pennsylvania, the term "Act 6" refers to the amendments to the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §§ 1701, et seq., which placed billing limitations on providers who treat injuries covered by an automobile insurance policy. See Turnpaugh Chiropractic Health & Wellness Ctr., P.C. v. Erie Ins. Exch., 297 A.3d 404, 408 (Pa. Super. 2023) (citing 75 Pa. C.S.A. § 1797(a)).

[2]For purposes of the motion, Plaintiffs are not contesting Ms. Dailey's qualifications, but reserve the right to object to her qualifications after her voir dire at trial. Doc. 77 at 6.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and
>   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Here, the defense expert has created spreadsheets identifying the charges from Plaintiffs' medical providers, and opining as to the allowable amounts under NJ PIP and Act 6 for each charge. Doc. 77 at 10-159. However, as Plaintiffs point out, Plaintiffs' health and auto insurers have already paid for the treatment which Ms. Dailey has analyzed. Doc. 77 at 7; see also Doc. 106 at 2 (defense response – Dailey report "analyzed the billing and reimbursement dates for Plaintiff's medical services following the May 21, 2023 accident"); Doc. 77 at 164-69 (Liberty Mutual PIP ledger for Tawanna Brown).

Under Pennsylvania law, "if the exact amount of [past medical] damages has been decided, or payment has been made and accepted in full, the plaintiff's recovery is limited to that amount and there is no issue for the factfinder to determine." Garcia v. S&F Logistics, LLC, Civ. No. 21-4062, 2024 WL 2218933, at *9 (E.D. Pa. May 16, 2024) (citing Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786, 789 (Pa. 2001), abrogated on other grounds by Northbrook Life Ins. Co. v. Commonwealth, 949 A.2d

333 (Pa. 2008)); see also Watts v. Hollock, Civ. No. 10-92, 2011 WL 6026998, at *10 (M.D. Pa. Dec. 5, 2011) (medical bills were admissible because plaintiffs asserted claims "for only those medical expenses that [were] actually paid."). In Moorhead, the plaintiff's recovery for past medical expenses was limited to the amount paid by the plaintiff and collateral sources (Medicare and a health insurer), which was far less than the amount the plaintiff claimed. Moorhead, 765 A.2d at 788.

Here, Plaintiffs assert that Ms. Dailey's report reviews the amounts previously billed which have already been paid and Defendants do not dispute this characterization. See Doc. 77 at 7 ("Ms. Dailey . . . runs through the amounts billed by various healthcare providers . . . **which has been already paid** by either their private health insurance or by their NJ PIP."); Doc. 106 at 2 (Dailey expert report "analyzed the billing and reimbursement dates for Plaintiffs' medical services"). Because the measure of damages for past medical damages is the amount accepted by the provider as payment in full and that amount is readily available, I conclude that Ms. Dailey's analysis is not relevant to any issue the jury must decide and would not aid the jury, and therefore her analysis is precluded.

An appropriate Order follows.