IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE J. BROWN, JR., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DASHAWN BROOKS, et al. | : | NO.  23-2966 |

## **O R D E R**

AND NOW, this   6th     day of December, 2024, upon consideration of Defendants' Motion in Limine to Preclude any Testimony, Reference, Evidence or Argument that Defendant Brooks did not have a Driver's License at the Time of the Accident (Doc. 102), the response (Doc. 107), and Reply (Doc. 114), and Plaintiffs' Motion in Limine to Preclude the Untimely and Prejudicial Document Production (Doc. 105), and the response (Doc. 115), and for the reasons set forth in the accompanying memorandum, IT IS HEREBY ORDERED that both Motions (Docs. 102 & 105) ARE GRANTED IN PART AND DENIED IN PART.

Mr. Brooks' driver's license is precluded, both the copy of the license and the email containing the license.  Doc. 105-1 at 2; Doc. 105-2 at 60.  Consistent with his deposition testimony, Mr. Brooks may testify that he was licensed at the time of the accident.  Plaintiffs' counsel is precluded from arguing that Mr. Brooks was unlicensed at the time of the accident, but may inquire of the Mayflower representatives whether they knew if Mr. Brooks was licensed at the time and they are bound by their deposition testimony.

IT IS FURTHER ORDERED that, in the Pretrial Stipulation, Defendants shall identify any documents in the late production they intend to use at trial and Plaintiffs shall identify with specificity any harm they would suffer as a result of the admission of any identified document.

                                                BY THE COURT:

                                                /s/ Elizabeth T. Hey_____
                                                ELIZABETH T. HEY, U.S.M.J.